IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN SIMS, | No. 2:15-CV-0713-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| CDCR, et al., | |
| Defendants. | |
| _____ / | |

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's first amended complaint (Doc. 13).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

1

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) California Department of Corrections and Rehabilitation (2) John Doe; (3) Smith; (4) Eric Arnold; (5) Dr. Win; (6) Dr. Pfile; (7) J. Lewis; (8) H.K. Johnson; and (9) McComas. Plaintiff alleges that, from October 2013 through March 2015, defendant California Department of Corrections and Rehabilitation "demonstrated deliberate indifference via negligent implementation of policies, regulations, etc." Plaintiff claims that the result was denial of medical care to inmates at Ironwood State Prison and Solano State Prison.

Next, plaintiff asserts that defendant John Doe, the warden at Ironwood State Prison, violated his rights by "negligently instituting" polices which resulted in the denial of health care. Plaintiff similarly alleges with respect to defendants Smith, a correctional counselor at Ironwood State Prison, and Eric Arnold, the warden at Solano State Prison.

Next, plaintiff claims that defendants Drs. Win and Pfile violated his rights by "following Solano Prison's protocol" which resulted in the denial of plaintiff's medical appeal. Plaintiff adds that Dr. Pfile is Dr. Win's supervisor.

/ / /

1    Next, plaintiff claims that defendant J. Lewis violated his rights by "following Solano's protocol" which resulted in the "erroneous denial" of his medical appeals.

Next, plaintiff claims that defendant H.K. Johnson refused to provide "adequate assistance" in processing plaintiff's emergency request for a prison transfer.

Finally, plaintiff claims that defendant McComas misrepresented his statements in a report prepared for plaintiff's medical appeal.  Specifically, plaintiff alleges that defendant McComas omitted plaintiff's statement: "My medical necessity for an emergency transfer is perpetually being ignored and needs to be addressed."

## II.  DISCUSSION

The court finds that plaintiff's amended complaint fails to state a claim as against any named defendant.

Defendant California Department of Corrections and Rehabilitation is immune from suit.  The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states.  See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc).

As to all remaining defendants, plaintiff's allegations are conclusory legal statements unsupported by any specific factual allegations.  In particular, plaintiff's amended complaint does nothing to inform the court what allegedly happened, when, and by whom.

/ / /

/ / /

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

///
///
///
///

   Accordingly, IT IS HEREBY ORDERED that:

   1. Defendant California Department of Corrections and Rehabilitation is dismissed;

   2. Plaintiff's first amended complaint is dismissed with leave to amend; and

   3. Plaintiff shall file a second amended complaint within 30 days of the date of service of this order.

DATED: February 10, 2017

*[signature: Craig M. Kellison]*

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

5