8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    KELVIN SIMS,                                    No.  2:15-CV-0713-TLN-DMC-P

12                        Plaintiff,

13            v.                                      FINDINGS AND RECOMMENDATIONS

14    SMITH, et al.,

15                        Defendants.

16

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the court is plaintiff's second amended complaint (Doc. 28).

19            The court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21    § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23    from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24    the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25    statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

26    means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d

27    1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

28    complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

1  rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege

2  with at least some degree of particularity overt acts by specific defendants which support the

3  claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4  impossible for the court to conduct the screening required by law when the allegations are vague

5  and conclusory.

6

7                                    **I.  PLAINTIFF'S ALLEGATIONS**

8          Plaintiff names the following as defendants: (1) S. Hatton; (2) B. Martinez; (3) A.

9  Scarson; (4) S. Posson; (5) T. Fredrick; and (6) J. Truett.[1]  Plaintiff claims that defendants

10  implemented "C.D.C.R.'s ineffective policies, regulations, etc." whereby plaintiff was transferred

11  to Pelican Bay State Prison where, he alleges, he has not received adequate medical care due to

12  that prison's "terrains, hills, etc."  Plaintiff does not, however, specifically state how each named

13  defendant acted in this regard.  Plaintiff also appears to argue that defendants improperly

14  processed and/or denied his inmate appeals.

15

16                                           **II.  DISCUSSION**

17          The court finds that plaintiff fails to state claims upon which relief can be granted.

18  As to his claim that he was improperly transferred to Pelican Bay State Prison, prisoners have no

19  constitutionally-protected interest in avoiding being transferred to another prison.  See Olim v.

20  Wakinekona, 461 U.S. 238 (1983).  To the extent plaintiff alleges that he is not receiving proper

21  medical care at Pelican Bay State Prison, that claim would be properly the subject of a separate

22  suit against the appropriate officials at that institution.

23  / / /

24  / / /

25

26          [1]      On February 10, 2017, the court found that the California Department of
    Corrections and Rehabilitation was not a proper defendant.  See Doc. 16.  The court
27  recommended that the District Judge adopt this finding.  See Alabama v. Pugh, 438 U.S. 781, 782
    (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).
28

                                                        2

1    As to plaintiff's apparent claim that defendants improperly processed and/or

2    denied his inmate appeals, prisoners have no stand-alone due process rights related to the

3    administrative grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see

4    also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest

5    entitling inmates to a specific grievance process).  Because there is no right to any particular

6    grievance process, it is impossible for due process to have been violated by ignoring or failing to

7    properly process grievances.   Numerous district courts in this circuit have reached the same

8    conclusion.  See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to

9    properly process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL

10   506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address

11   grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL

12   29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process

13   a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967

14   (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function

15   properly failed to state a claim under § 1983).

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

# III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of defendants Greeson, County of Butte, and Butte County Superior Court. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 13, 2018

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4